UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHAUNCEY C. WYATT, and ARLISHER HARVEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:15-cv-00450-TWP-DKL ) |
| GARY M. APTER, APTER PROPERTIES, LLC, and JOHN DOES 1-1000, | ) ) ) ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on Defendants Gary M. Apter's and Apter Properties, LLC's Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction (Filing No. 9) and Renewed Motion to Dismiss Plaintiffs' Complaint (Filing No. 12).

On March 18, 2015, *pro se* Plaintiffs, Chauncey C. Wyatt ("Mr. Wyatt") and Arlisher Harvey, filed their Complaint, alleging federal question jurisdiction based on 42 U.S.C. § 1983 and the Fourteenth Amendment, 28 U.S.C. § 2201 (Declaratory Judgment Act), and six Indiana real property statutes. Substantively, the Plaintiffs' complaint demands that the Defendants produce a "clear chain of assignment(s)", a "clear right to entitlement" and a "clear chain of title to support a valid sale and purchase" of Mr. Wyatt's foreclosed property, which the Defendants purchased pursuant to a Sheriff's Sale. (Filing No. 1 at 31.)

Defendants filed a motion to dismiss and supporting brief asserting that the Plaintiffs' case relies solely on the state law property statutes, preventing federal question jurisdiction. (Filing No. 9, Filing No. 10.) Further, Defendants note that all parties are from Indiana, preventing diversity jurisdiction.

On June 10, 2015, noting no response from the *pro se* Plaintiffs, the Court issued an Order requiring the Plaintiffs to respond to the motion to dismiss by June 26, 2015 or risk dismissal of their case. (Filing No. 11.) The Plaintiffs did not respond. Accordingly, on July 10, 2015, the Defendants filed a renewed motion to dismiss, noting the Plaintiffs' lack of response and reasserting their arguments made in the original motion to dismiss. (Filing No. 12.) For the following reasons, the Court **grants** the Defendants' original motion to dismiss and **denies as moot** the Defendants' renewed motion to dismiss.

## I. BACKGROUND

Plaintiffs are both residents of Indianapolis, Indiana. Defendant Apter Properties, LLC is a privately owned and operated company with its principal place of business in Indianapolis, Indiana. Defendant Gary M. Apter is a resident of Carmel, Indiana and owns 99% of Apter Properties, LLC.

On October 8, 2010, U.S. Bank, N.A. obtained a Decree of Foreclosure against Mr. Wyatt with respect to certain real property previously owned by Mr. Wyatt in Indianapolis, Indiana (the "Property"). Mr. Wyatt was the named mortgagor defendant in the Foreclosure Action. In the Decree of Foreclosure, the Marion Superior Court ruled as follows: that Mr. Wyatt was properly served with process; that judgment of $207,712.30 was entered against Mr. Wyatt and in favor of U.S. Bank, N.A. under the terms of a promissory note secured by a mortgage on the Property; that U.S. Bank was entitled to foreclose its mortgage on the Property as against Mr. Wyatt and all persons claiming under and through him, and that Mr. Wyatt's rights of redemption were foreclosed; that the Property should be sold at auction by the Sheriff of Marion County, Indiana; and that a successful bidder at the Sheriff's Sale may request that the Sheriff evict any persons occupying the Property and deliver possession of the Property to the purchaser.

On March 23, 2015, Apter Properties, LLC was the successful bidder for the Property at the Sheriff's Sale, paying $88,201.00 for the Property. That same day, the Marion County Sheriff deeded the Property to Apter Properties, LLC via Sheriff's Deed. Thereafter, Apter Properties, LLC took action through the Marion County Sheriff's Department to secure possession of the Property. Apter Properties, LLC's interest in the Property arose once it obtained the Sheriff's Deed after being the winning bidder for the Property.

## II. LEGAL STANDARD

Under Rule 12(b)(1), a claim should be dismissed if the federal court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(b)(1); *see also Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("[j]urisdiction is the power to declare law, and without it the federal courts cannot proceed."). Ordinarily, a court ruling on a Rule 12(b)(1) motion to dismiss must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993). However, where a party raises a factual question concerning jurisdiction, "the district court is not bound to accept as true the allegations of the complaint which tend to establish jurisdiction." *Grafon Corp. v. Hauserman*, 602 F.2d 781, 783 (7th Cir. 1979). In such circumstances, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists. *Id*. The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

## III. DISCUSSION

In their Complaint, the Plaintiffs allege subject matter jurisdiction based on 42 U.S.C. § 1983 and the Fourteenth Amendment, 28 U.S.C. § 2201 (Declaratory Judgment Act), and six

Indiana real property statutes. Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction may be established either based on diversity jurisdiction under 28 U.S.C. § 1332 or based on federal question jurisdiction under 28 U.S.C. § 1331. Subject matter jurisdiction is established based on diversity if the parties are citizens of different states and the matter in controversy exceeds $75,000.00. 28 USC § 1332(a). Subject matter jurisdiction is established based on a federal question if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of California v. Construction Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27-28 (1983); *Trs. of Carpenters' Health and Welfare Tr. Fund of St. Louis v. Darr*, 694 F.3d 803, 806 (7th Cir. 2012); *see also* 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

To begin, subject matter jurisdiction is not established in this case based on diversity, as all parties involved are from Indiana. Therefore, the Plaintiffs have the burden of establishing that subject matter jurisdiction is established based on a federal question.

In this regard, the Plaintiffs first assert federal question jurisdiction based on 42 U.S.C. § 1983 and the Fourteenth Amendment. However, neither statute confers jurisdiction in this case, as the Defendants are not "state actors", a necessary prerequisite to trigger a claim under both § 1983 and the Fourteenth Amendment. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotations omitted); *Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) ("[b]ecause the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as "state action").

The Plaintiffs also assert federal question jurisdiction based on 28 U.S.C. § 2201, the Declaratory Judgment Act. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. However, the Declaratory Judgment Act is not an independent grant of federal subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("[t]he operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.") (internal citations omitted); *DeBartolo v. Healthsouth Corp.*, 569 F.3d 736, 741 (7th Cir. 2009). As such, jurisdiction depends on the nature of the anticipated claims. *DeBartolo*, 569 F.3d at 741. As already discussed, neither 42 U.S.C. § 1983 nor the Fourteenth Amendment confer federal question jurisdiction in this case. Further, the rest of the Plaintiffs' claims are based upon six Indiana real property statutes, none of which have a basis in federal law.

As a final matter, the Court notes that Plaintiffs' have also invoked "res judicata and the Rooker-Feldmen doctrine" as a basis for federal jurisdiction. Specifically, Plaintiffs argue that "a federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident or mistake…." (Filing No. 1 at 4.) However, Plaintiff's reliance on this doctrine is misplaced. The Rooker-Feldman doctrine is a rule of federal jurisdiction that "deprives federal courts of subject matter jurisdiction where a party . . . sues in federal court seeking to set aside the state court judgment and requesting a remedy for an injury caused by that judgment." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008). "[N]o matter how

erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000); see also *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011) (Rooker-Feldman "prevents lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction."). Vacation of the state court foreclosure judgment is exactly the sort of action the Rooker-Feldman doctrine forbids. Moreover, Plaintiff's dissatisfaction with the state court decision is not appropriate for an independent suit in federal court on this basis.

Rule 12(b)(1) authorizes the dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. Because the parties are not diverse and the Plaintiffs have not alleged a claim based on a federal statute that would establish federal question jurisdiction, the Court does not have subject matter jurisdiction over this case.

### IV. **CONCLUSION**

For the aforementioned reasons, the Court **GRANTS** the Defendants' Motion to Dismiss (Filing No. 9), and the Court **DENIES as moot** the Defendants' Renewed Motion to Dismiss (Filing No. 12). This case is **DISMISSED with prejudice.** Final judgment will follow by separate order.

**SO ORDERED.**

Date: 11/18/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Arlisher Harvey
3335 Decker Ridge Drive
Indianapolis, Indiana  46268

Chauncey C. Wyatt
3335 Decker Ridge Drive
Indianapolis, Indiana  46268

Joshua Thornton Robertson
COHEN GARELICK & GLAZIER
jrobertson@cgglawfirm.com